OPINION OF THE COURT
Bernard Tomson, J.
This proceeding, pursuant to CPLR article 78 seeks to set aside the determination of the Nassau County Department of Social Services (agency) of April 12, 1977 that resulted in the reduction of petitioner’s aid to dependent children (ADC) allowance from $357 to $321 per month. The determination *238 and the subsequent fair hearing held on May 6, 1977 were conducted in accordance with the rules and regulations of the respondent, Commissioner Toia. On June 29, 1977 respondent Toia affirmed the original ruling and the results of the fair hearing.
The petitioner, prior to April 12, 1977, was receiving a monthly ADC allowance for herself and her one child by birth in the following amounts:
Basic Allowance (2 persons) $150
Shelter (maximum 2 persons) 176
Fuel (2 persons) 31
Total needs $357
Cash allowance $357
The petitioner’s adopted minor daughter was not included in the above computation. However, she was included in the grant for medical aid and food stamps.
On April 12, 1977 the agency informed the petitioner that it proposed to reduce the petitioner’s ADC allowance by including the petitioner’s adopted child’s needs in the cash grant and budgeting the child’s adoption subsidy received pursuant to section 398 (subd 6, par [h]) of the Social Services Law. The agency proposal resulted in the following figures:
Basic Allowance (3 persons) $200
Shelter (maximum 3 persons) 225
Fuel (3 persons) 41
Total needs $466
Less adoption subsidy 145
Cash Grant $321
The requested fair hearing affirmed the agency’s determination. The appeal of this hearing to respondent Toia resulted in the June 29, 1977 decision affirming the reduction.
The respondents base their case on two regulations of the commissioner set forth in 18 NYCRR 352.22 (p) and 352.32 (e) (4). The first regulation (352.22 [p]) provides: "Payments made pursuant to the provisions of paragraph (h) of subdivision (6) of section 398 of the Social Services Law by a social services official for the care and support of a child or minor, who has been placed out for adoption or who has been adopted, shall be used to meet the needs of the child only and, for public assistance purposes, his needs and income shall be budgeted as a cooperative case with the remaining members of the *239 family unit in accordance with the provisions of subdivision (e) of section 352.32 of this Part.” (Emphasis added.)
Subdivision (e) of section 352.32 provides, in pertinent part, as follows: "(e) In cooperative cases, i.e., two or more categories of public assistance in the household, the following procedures shall be applied:
"(1) Allowances for items of need shared by the family, such as the basic monthly allowance and shelter, shall be prorated; $ $-;?
"(3) All available and unrestricted income of an applicant or recipient shall be prorated and applied against his needs and the needs of his legally dependent relatives in the household.
"(4) Income received by an individual who is not legally responsible for other family members of the public assistance household shall be applied only against his estimate of needs. The surplus shall not be applied to the cooperative case.” (Emphasis added.)
The court finds no fault with the language of the above-cited regulations. It is the manner in which the agency has attempted to apply these regulations that the court finds faulty. According to the papers in opposition the agency arrived at the present allowance of $321 per month by using the rate charts set forth in 18 NYCRR 352.2, 352.3 and 352.5 for three in a household. This amount is $466. The agency then determined that the adopted child’s needs were equal to one third of this total allowance or $155.33. It then purportedly applied the language of 18 NYCRR 352.32 (e) (4) and budgeted the adoption subsidy of $145 against the $155.33. Since the subsidy was less than the child’s needs, the entire subsidy was used to reduce the monthly allowance. The figures on this computation appear as follows:
$466 - allowance for 3 persons
$155 plus 33 cents - 1/3 of the allowance allocated to adopted child’s needs
less $145- adoption subsidy
$10.33 - monthly needs not covered by subsidy
310 plus 67 cents
$321 - monthly allowance.
Such a computation does an injustice not only to the child but to the other members of the household. Under the original grant for two persons petitioner received $357 which amounts to $178.50 per person per month. By adding on the adopted *240 child and making the computations in the manner proposed by the agency, the shares of the first two persons are cut by approximately $23 each. By this method, the agency not only penalizes the petitioner for adopting the child by appropriating the entire subsidy, it diminishes the allowances originally given to the two members of the household.
Justice and equity will not permit such a result.
In comparing the two allowances it is abundantly clear that the actual increase in the allowance by the addition of the adopted child amounts to only $109 ($50 on basic needs; $49 for shelter; $10 for heating). Prior to the reduction the petitioner actually received $357 for ADC and $145 for an adoption subsidy. This totals $502. If one adds on the adopted child, as the agency correctly did, then that portion of the adoption subsidy "shall be used to meet the needs of the child only” (18 NYCRR 352.22 [p]). The needs are only $109. Therefore if one subtracts $109 from the amount the petitioner had been receiving ($502) there is a total of $393 remaining. Stated another way: of the $466 budgeted for the family of three only $109 can be attributed directly to the adopted child. That $109 may be taken from the $145 subsidy and applied to the co-operative case. The remaining $36 is not for the needs of the child and may not be applied to the cooperative case (18 NYCRR 352.32 [e] [4]). Thus the $36 must go to the petitioner as the balance of the adopted subsidy giving her a monthly total of $393.
The decision of defendant Toia is annulled. The agency is directed to recompute and budget the monthly allowance for the petitioner at the amount of $393.